**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUIS CATALIOTTI,<br><br>*Plaintiff,*<br><br>-against-<br><br>HOME DEPOT USA, INC.,<br>JOHN DOES I-III, JANE DOES I-III, ABC<br>BUSINESS ENTITIES, and XYZ<br>CORPORATIONS,<br><br>*Defendants.* | CASE NO.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Louis Cataliotti, by and through his attorneys, Hunt & Associates, LLC, complaining of the Defendants herein, respectfully sets forth and alleges as follows:

**INTRODUCTION**

1.     Plaintiff brings this action to recover damages for the serious and permanent personal injuries he suffered while a customer in the Syosset, New York, Home Depot store on March 15, 2021 when a Home Depot employee caused a heavy object to fall from a high location and strike Plaintiff's head.

**PARTIES**

2.     At all times hereinafter alleged, Plaintiff, Louis Cataliotti, was and is an individual with a place of residence located in East Norwich, Nassau County, New York.

3.     At all the times hereinafter alleged, and upon information and belief, Defendant, HOME DEPOT U.S.A., INC., was and is a business entity duly organized and existing under and by virtue of the laws of the State of Delaware.

4.      At all the times hereinafter alleged, and upon information and belief, Defendant HOME DEPOT USA, INC., was and still is a foreign corporation authorized to do business in the State of New York.

5.      At all the times hereinafter alleged, and upon information and belief, Defendant, HOME DEPOT U.S.A., INC., was and is a foreign corporation and/or business entity duly licensed to transact business in the State of New York.

6.      At all the times hereinafter alleged, and upon information and belief, Defendant, HOME DEPOT U.S.A., INC., conducted business and maintained offices within the State of New York.

7.      At all the times hereinafter alleged, and upon information and belief, Defendant, HOME DEPOT U.S.A., INC., maintained its corporate headquarters in Atlanta, Georgia.

8.      At all the times hereinafter alleged, and upon information and belief, Defendant, HOME DEPOT U.S.A., INC., committed a tortious act within the State of New York.

9.      At all the times hereinafter alleged, and upon information and belief, Defendant, HOME DEPOT U.S.A., INC., regularly does, or solicits, business in the State of New York.

10.      At all the times hereinafter alleged, and upon information and belief, Defendant, HOME DEPOT U.S.A., INC., received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

11.      At all of the times hereinafter mentioned, and upon information and belief, Defendant, HOME DEPOT USA, INC., expected or should have reasonably expected its acts to have consequences in the State of New York.

2

12.     On or about March 15, 2021, and at all times hereinafter mentioned, and upon information and belief, there existed a Home Depot upon the premises located at 111 Jericho Turnpike, Syosset, County of Nassau, State of New York (the "Premises").

13.     At all of the times hereinafter mentioned, and upon information and belief, Defendant, HOME DEPOT USA, INC., and its agents and employees, managed, occupied, operated, controlled and/or maintained the land, building, premises, sidewalk and structures located at the aforementioned Premises.

14.     At all of the times hereinafter mentioned, and upon information and belief,  the Defendant, HOME DEPOT USA, INC., owned the Premises.

15.     At all of the times hereinafter mentioned, and upon information and belief, the Defendant, HOME DEPOT USA, INC., was the lessee or lessor of the Premises.

16.     At all of the times hereinafter mentioned, and upon information and belief, the Defendant, HOME DEPOT USA, INC., and its agents and employees, managed and supervised the Premises.

17.     At all of the times hereinafter mentioned, and upon information and belief, the Defendant, HOME DEPOT USA, INC., and its agents and employees, were under a duty and obligation to maintain the Premises.

18.     At all of the times hereinafter mentioned, and upon information and belief, the Defendant, HOME DEPOT USA, INC., and its agents and employees, were under a duty and obligation to use reasonable care for the safety of its customers and patrons.

19.     On or about March 15, 2021, the Plaintiff, Louis Cataliotti, was lawfully upon and in the aforesaid Premises.

3

20.     John Does I-III are unknown to Plaintiff, who brings suit against those Defendants by fictitious names. At all times hereinafter mentioned, Defendants John Does I-III are believed to be employees, servants, independent contractors and/or agents of Defendants, whose current identities are unknown to Plaintiff. The full extent of those facts linking the fictitiously designated Defendants with this cause of action is unknown to Plaintiff at this time.

21.     Jane Does I-III are unknown to Plaintiff, who brings suit against those Defendants by fictitious names. At all times hereinafter mentioned, Defendants Jane Does I-III are believed to be employees, servants, independent contractors and/or agents of Defendants, whose current identities are unknown to Plaintiff. The full extent of those facts linking the fictitiously designated Defendants with this cause of action is unknown to Plaintiff at this time.

22.     ABC Business Entities and XYZ Corporations are unknown to Plaintiff, who brings suit against those Defendants by fictitious names. At all times hereinafter mentioned, Defendants ABC Business Entities and XYZ Corporations are business entities which may be responsible, in whole or in part, for the causation of Plaintiff's accident. The full extent of those facts linking the fictitiously designated Defendants with this cause of action is unknown to Plaintiff at this time.

## JURISDICTION AND VENUE

23.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs as if more fully set forth at length herein.

24.     Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1) because (A) the amount in controversy exceeds $75,000, and (B) diversity of citizenship exists.

25.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because it is

the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

26.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs as if more fully set forth at length herein.

27.     On or about March 15, 2021, the Plaintiff, Louis Cataliotti, was lawfully upon and in the aforesaid Premises.

28.     At the time and place aforesaid, Plaintiff, Louis Cataliotti, through no fault or culpable conduct on his part, was injured after the Defendants and their agents and employees failed to use reasonable care and failed to implement, follow, and comply with reasonable safety standards and protocols, and failed to implement, follow, and comply with their own internal safety standards and protocols, thereby causing a heavy object to fall from a high location and strike Plaintiff in the head, causing him injuries.

29.     Plaintiff's injuries occurred as a result of the negligence, recklessness, carelessness and/or wantonness of the Defendants, their agents, servants and/or employees, through no fault or culpable conduct on the part of Plaintiff, as a direct and proximate result of one or more of the following acts and/or omissions:

        a.     Causing, permitting and allowing a hazardous and dangerous condition to develop and exist at the aforesaid location

        b.     Causing, permitting and allowing a heavy object to fall from a high location and injure Plaintiff;

c.      Failing to properly maintain, inspect, remedy, remove and clear a dangerous condition at the aforesaid location;

d.      Failing to properly maintain, implement, and follow reasonable safety standards and protocols designed to protect the safety of its patrons and customers, including Plaintiff;

e.      Failing to properly maintain, implement, and follow Defendant's own internal safety standards and protocols designed to protect the safety of its patrons and customers, including Plaintiff;

f.      Failing to warn the public at large, and in particular the Plaintiff herein, of the dangerous condition which had been allowed to be, become and remain at the aforesaid area;

g.      Failing to hire, employ and contract agents, servants and/or employees to comply with and follow reasonable safety standards and protocols to protect the safety of its patrons and customers, including Plaintiff;

30.     As a direct and proximate result of one or more of the aforementioned acts and/or omissions of the Defendants, Plaintiff did sustain and will continue to sustain severe and permanent personal injuries, and the associated pain, suffering, disabilities, discomforts, impairments, impediments, restriction of motion, agony, shock, mental anguish and limitation of bodily functions and normal daily activities.

31.     As a result of the aforesaid, Plaintiff may require surgery in the future, has been rendered sick, sore, lame and disabled, was confined to bed and home, was caused to expend

sums of money for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for an extended period of time.

32.     Plaintiff was free from comparative fault, want of care or culpable conduct.

33.     The monetary damages sustained by Plaintiff exceed the jurisdictional limitations.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
#### (*Negligence*)

34.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the foregoing paragraphs as if more fully set forth at length herein.

35.     Defendants, their agents, servants and/or employees, had and continue to have a common law and/or statutory duty to inspect, maintain and/or keep the Premises in a reasonably safe condition.

36.     Defendants, their agents, servants and/or employees, as the owner, occupant, operator, lessee, lessor and/or manager of the Premises, had and continues to have a legal duty to keep the Premises reasonably safe for their patrons and customers, and free from dangers and hazards to the individuals thereon.

37.     Defendants, their agents, servants and/or employees, as the owner, occupant, operator, lessee, lessor and/or manager of the Premises, had and continues to have a legal duty to its patrons and customers, including Plaintiff, to implement, follow, and comply with reasonable safety standards and protocols to ensure that the safety of its patrons and customers is protected.

38.     Defendants, their agents, servants and/or employees, as the owner, occupant, operator, lessee, lessor and/or manager of the Premises, had and continues to have a legal duty to its patrons and customers, including Plaintiff, to implement, follow, and comply with their own internal safety standards and protocols to ensure that the safety of its patrons and customers is protected.

39.     On March 15, 2021, while Plaintiff was lawfully walking within the Premises inside the Home Depot store in Syosset, New York, the Defendants and their agents and employees failed to use reasonable care and failed to implement, follow, and comply with reasonable safety standards and protocols, and failed to implement, follow, and comply with their own internal safety standards and protocols, thereby causing a heavy object to fall from a high location and strike Plaintiff in the head, causing him injuries.

40.     In so doing, Defendants, their agents, servants and/or employees, knowingly failed to take reasonable care and caution and knowingly failed to or refused to follow reasonable safety standards and protocols, thereby causing severe injuries to Plaintiff.

41.     Defendants, their agents, servants and/or employees, were careless, reckless and/or negligent in that they:

      a.     Causing, permitting and allowing a hazardous and dangerous condition to develop and exist at the aforesaid location

      b.     Causing, permitting and allowing a heavy object to fall from a high location and injure Plaintiff;

      c.     Failing to properly maintain, inspect, remedy, remove and clear a dangerous condition at the aforesaid location;

d.      Failing to properly maintain, implement, and follow reasonable safety standards and protocols designed to protect the safety of its patrons and customers, including Plaintiff;

e.      Failing to properly maintain, implement, and follow Defendant's own internal safety standards and protocols designed to protect the safety of its patrons and customers, including Plaintiff;

f.      Failing to warn the public at large, and in particular the Plaintiff herein, of the dangerous condition which had been allowed to be, become and remain at the aforesaid area;

g.      Failing to hire, employ and contract agents, servants and/or employees to comply with and follow reasonable safety standards and protocols to protect the safety of its patrons and customers, including Plaintiff;

42.     That the aforesaid accident and the injuries resulting therefrom were due, solely and wholly, as the result of the careless and negligent manner in which the Defendants owned, managed, maintained, controlled, and supervised the aforesaid Premises, and its agents and employees, without the Plaintiff contributing in any way thereto.

43.     Plaintiff's accident and the injuries resulting therefrom were a foreseeable result of the Defendants' negligence, carelessness, and recklessness, as aforesaid.

44.     That one or more of the provisions of Section 1602 of the Civil Practice Law and Rules do apply to the within action.

45.     As a direct and proximate result of the negligence of the Defendants, Plaintiff has suffered and will continue to suffer physical, emotional, mental and psychological injuries as a result.

**WHEREFORE**, Plaintiff, Louis Cataliotti, demands judgment against the Defendants, HOME DEPOT USA, INC., JOHN DOES I-III, JANE DOES I-III, ABC BUSINESS ENTITIES, and XYZ CORPORATIONS, jointly and severally, for damages, pain and suffering and emotional distress, medical expenses, and economic damages, exceeding $75,000, together with attorney's fees, interest, costs of suit, disbursements, and any other relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b)(1) and 38(c) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: April 21, 2022

**HUNT & ASSOCIATES, LLC**
*Attorneys for Plaintiff*


By:  _/S/ *James T. Hunt, Jr.*_____
      James T. Hunt, Jr.
395 W. Passaic Street, Suite 205
Rochelle Park, New Jersey 07662
&
5 Penn Plaza  - 21st Floor
New York, NY 10001
P: (201) 820-6003
F: (201) 226-0795
E-Mail: Jim@Huntpersonalinjury.com
File No. LN0274

10